CADES SCHUTTE
A Limited Liability Law Partnership

THEODORE D. C. YOUNG    5735-0
MICHI MOMOSE                     9777-0
Cades Schutte Building
1000 Bishop Street, Suite 1200
Honolulu, Hawaiʻi  96813-4212
Telephone:  (808) 521-9200
Fax:  (808) 521-9210
Email:  tyoung@cades.com
           mmomose@cades.com

Attorneys for Plaintiff
MFY FUNDING LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MFY FUNDING LLC,<br><br>           Plaintiff,<br><br>     v.<br><br>OHIA OPPORTUNITIES, LLC; KANOA ROSS BRISTOL; JOHN DOES 1-50; JANE DOES 1-50; and DOE ENTITIES 1-50,<br><br>           Defendants. | CIVIL NO. _____<br>(Foreclosure)<br><br>**COMPLAINT;**<br><br>**EXHIBITS 1-7;**<br><br>**AFFIRMATION;**<br><br>**SUMMONS** |

# COMPLAINT

Plaintiff MFY FUNDING LLC ("**Plaintiff**"), for its Complaint, states and alleges as follows:

## PARTIES

1. Plaintiff is a limited liability company organized under the laws of the State of Hawaiʻi. Plaintiff's sole member is Earl Fuelling, who is a resident and citizen of the State of Tennessee. Because Plaintiff is a limited liability company, Plaintiff's citizenship for purposes of diversity jurisdiction is determined by the citizenship of its members. Accordingly, Plaintiff is a citizen of the State of Tennessee.

2. Defendant OHIA OPPORTUNITIES, LLC ("**Ohia Opportunities**" or "**Mortgagor**") is a limited liability company organized under the laws of the State of Hawaiʻi. Ohia Opportunities' sole member is Defendant KANOA ROSS BRISTOL ("**Bristol**"), who is a resident and citizen of the State of Hawaiʻi. Because Ohia Opportunities is a limited liability company, its citizenship for purposes of diversity jurisdiction is determined by the citizenship of its members. Accordingly, Ohia Opportunities is a citizen of the State of Hawaiʻi.

3. Ohia Opportunities and Bristol are collectively referred to herein as "**Borrowers**".

4. Ohia Opportunities owns the real properties identified as Tax Map Key Nos. (3) 9-9-002:021, and (3) 9-9-002:022 (the "**Subject Real Properties**") in fee as tenant in severalty for commercial or business purposes.

5. Defendants JOHN DOES 1-50, JANE DOES 1-50, and DOE ENTITIES 1-50, unknown party defendants, may claim an interest in the Subject Real Properties and/or any other of the mortgaged properties or interests described herein, but their identities are neither known to Plaintiff nor disclosed in a litigation guarantee obtained relative to such mortgaged properties or interests.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendants because they were conducting business in the State of Hawaiʻi, entered into contracts in the State of Hawaiʻi, and committed acts in the State of Hawaiʻi giving rise to Plaintiff's causes of action.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all Defendants are residents of the District of Hawaiʻi, a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in the District of

Hawaiʻi, and the real properties that are the subject of this action are situated in the District of Hawaiʻi.

## FACTS COMMON TO ALL COUNTS

9. On or about January 29, 2018, Plaintiff, as lender, made a loan (the "**Loan**") to Ohia Opportunities, as borrower, in the principal amount of $698,000.00, evidenced by that certain Promissory Note (the "**Note**") dated January 29, 2018, which was executed and delivered by Ohia Opportunities to Plaintiff in the principal amount of $698,000. Plaintiff is the owner and holder of the Note. A true and correct copy of the Note is attached hereto as **Exhibit 1**.

10. The Loan was made entirely for business reasons and for no other purpose.

11. The Loan is secured by the following:

    a. That certain First Mortgage, Security Agreement, Assignment of Rents, Fixture Filing and Financing Statement (the "**Mortgage**"), dated as of January 29, 2018, executed by Ohia Opportunities, as mortgagor, in favor of Plaintiff, as mortgagee, and recorded on February 7, 2018, in the Bureau as Document No. A-66120429 and in the Office of the Assistant Registrar of the Land Court of the State of Hawaiʻi ("**Land Court**") as Document No. T-10264043, noted on Transfer of Certificate of

       Title No. 1151371. A true and correct certified copy of the Mortgage is attached hereto as **Exhibit 2.**

b.    That certain Assignment of Agreements, Permits, Licenses and Approvals ("**Assignment**") dated January 29, 2018, executed by Ohia Opportunities to Plaintiff and Plaintiff's successors and assigns. A true and correct copy of the Assignment is attached hereto as **Exhibit 3.**

c.    That certain Pledge and Security Agreement (the "**Pledge Agreement**") dated January 29, 2018, by and among Bristol as pledgor, Ohia Opportunities as borrower, and Plaintiff as the secured party. A true and correct copy of the Pledge Agreement is attached hereto as **Exhibit 4.**

d.    That certain UCC Financing Statement recorded in the Bureau on February 7, 2018, as Document No. A-66120431 (the "**UCC Financing Statement**"). A true and correct certified copy of the UCC Financing Statement is attached hereto as **Exhibit 5**.

e.    That certain UCC Financing Statement recorded in the Bureau on February 7, 2018, as Document No. A-66120432 (the "**Pledge Financing Statement**"). A true and correct certified

copy of the Pledge Financing Statement is attached hereto as **Exhibit 6**.

12. The Note as amended, Mortgage, Assignment, Pledge Agreement, UCC Financing Statement, and Pledge Financing Statement are collectively referred to herein as the "**Loan Documents**."

13. The Loan is guaranteed by that certain Payment Guaranty (the "**Guaranty**") dated January 29, 2018, executed by Defendant Bristol as Guarantor. The Mortgage secures the performance by Bristol of all terms, covenants and conditions required by the Guaranty.

14. Under the Mortgage, Ohia Opportunities granted Plaintiff a security interest in the rights, titles, and interests described in the Mortgage, including but not limited to those five certain parcels of land identified by Tax Map Key Nos. (3) 1-4-062-134; (3) 9-9-002: 021 and 022; and (3) 1-5-022: 150 and 151 (the "**Land**"). The Mortgage provides that Ohia Opportunities owns and maintains the Land and improvements upon the Land "for commercial or business purposes" and that the "Loan is not a consumer credit transaction or home business loan as defined in section 478-1, Hawaii Revised Statutes, as amended, and the Mortgagor will not reside in the Premises at any time during the term of the Loan."

15. On or about March 1, 2019, Ohia Opportunities and Bristol executed that First Amendment of Promissory Note and Confirmation of Guaranty dated

March 1, 2019 ("**Amended Note**"). Among other things, the Amended Note extended the maturity date of the Loan to August 29, 2019 in exchange for (i) an agreement that Ohia Opportunities would make monthly payments of $2,000.00; and (ii) Ohia Opportunities' conveyance by Warranty Deed in Lieu of Foreclosure of three of the real properties encumbered by the Mortgage, being those certain properties identified by Tax Map Key Nos. (3) 1-5-022-150; (3) 1-5-022-151; (3) 1-4-062-134 (collectively, the "**Deed in Lieu Properties**"). A true and correct redacted copy of the Amended Note, with account and routing number on page 2 redacted, is attached hereto as **Exhibit 7**.

16. On or about February 11, 2019, Ohia Opportunities executed the Warranty Deed in Lieu of Foreclosure, recorded March 1, 2019 in the Bureau as Document No. A-69990170, and in the Land Court as Document No. T-10651040 noted on Transfer Certificate of Title No. 1172131, conveying the Deed in Lieu Properties to Plaintiff.

17. The security interests granted by the Mortgage, other than the Deed in Lieu Properties, are hereinafter referred to as the "**Mortgaged Properties**."

18. That certain UCC Financing Statement recorded in the Bureau on February 7, 2018, as Document No. A-66120431 is also an encumbrance upon the Mortgaged Properties.

19. Under the Pledge Agreement, Bristol assigned, pledged, and granted to Plaintiff, absolutely, a security interest, as that term is defined in the Uniform Commercial Code, Chapter 490, Hawai'i Revised Statutes, as amended (the "**UCC**"), in and to all of the membership interests issued by Ohia Opportunities to Bristol, which constituted 100% of the issued and outstanding interests of Ohia Opportunities, together with all distributions arising therefrom (the "**Pledged Interests**"). The Pledge Financing Statement recorded in the Bureau on February 7, 2018, as Document No. A-66120432, is an encumbrance upon the Pledged Interests.

20. Under the Assignment, Ohia Opportunities assigned to Plaintiff all of Ohia Opportunities' right, title and interest in and to: (i) all agreements and contracts between Ohia Opportunities and any third parties, heretofore or hereafter entered into for the account of Ohia Opportunities pertaining to any tenancy, construction, utilities, off-site improvements, services and other matters related to or in connection with the Land or which creates a right in Ohia Opportunities as a result of its ownership or operation of all or any part of the Land, together with any and all existing and future amendments, modifications, supplements, general conditions and addenda thereto; (ii) all permits, licenses, warranties, indemnities and approvals (including without limitation all building permits and other governmental entitlements and approvals) now or hereafter issued to Ohia

Opportunities or to Ohia Opportunities' predecessor(s) in interest with respect to the Land, together with any and all existing and future amendments, modifications, supplements and addenda thereto; and (iii) all surveys, site plans, and plans and specifications for onsite and offsite improvements prepared in connection with the construction, operation and/or maintenance of the Land, together with any and all existing and future amendments, modifications, supplements, general conditions and addenda thereto heretofore or hereafter prepared by any architect and/or engineer for the account of Ohia Opportunities (collectively, the "**Assigned Rights**").

21. The Assignment provides that upon or at any time after an Event of Default has occurred and continued beyond any applicable notice and cure period, Plaintiff shall have the right to enforce Ohia Opportunities' rights and interest with respect to the Assigned Rights.

22. By letter dated January 4, 2021, Plaintiff notified Ohia Opportunities and Bristol of Ohia Opportunities' default under the Amended Note for failure to pay in full the monthly installments of $2000 and Ohia Opportunities' continuing default under the Original Note. Pursuant to Section 4 of the Note, Plaintiff exercised its right to declare the entire principal sum of the Note actually advanced together with all charges and interest accrued thereon to be immediately due and payable.

23. By reason of Ohia Opportunities' defaults, Plaintiff is entitled to declare, and has declared, all of the obligations under the Loan Documents immediately due and payable, including, without limitation, the entire outstanding principal balance of the Loan, all accrued but unpaid interest thereon, all late fees and charges as set forth in the Loan Documents, Plaintiff's attorneys' fees and costs incurred in connection with its efforts to collect these delinquent amounts, and all other amounts due and payable by Borrowers under or pursuant to the Loan Documents.

24. As of December 15, 2020, Borrowers owed Plaintiff the sum of $1,003,379.18, with additional amounts due and payable by Borrowers under or pursuant to the Loan Documents continuing to accrue thereafter.

25. Plaintiff is the holder of the Note and the Amended Note. At the time of the filing of this Complaint, Plaintiff has possession, through Plaintiff's counsel, of the original Note and the original Amended Note.

26. The lien of the Mortgage and/or UCC Financing Statement is valid and subsisting and senior and superior to every other person's or entity's interest, if any, in the Mortgaged Properties, including the Subject Real Properties identified by Tax Map Key Nos. (3) 9-9-002: 021 and 022.

## COUNT I

27. Plaintiff reasserts the foregoing allegations as if set forth fully herein.

28. Ohia Opportunities is in default under the Note and the Amended Note.

29. Bristol guaranteed to Plaintiff the due and punctual payment of all principal, interest, and other sums due or to become due from Ohia Opportunities to Plaintiff at any time. Bristol is in breach of the Guaranty.

30. As a result of the breaches and defaults under the Note, Amended Note, and Guaranty, Plaintiff is entitled to judgment in favor of Plaintiff and against Ohia Opportunities and Bristol jointly and severally for the amounts owed under the Loan Documents, all in an amount to be proven at trial, as well as other damages incurred by Plaintiff as a result of the conduct of Ohia Opportunities and Bristol.

## COUNT II
### Foreclosure - Mortgage

31. Plaintiff reasserts the foregoing allegations as if set forth fully herein.

32. The Loan is secured by the Mortgage.

33. The lien of the Mortgage is valid, subsisting, senior, and superior to every defendant's interest in the Mortgaged Properties, including but not limited to those certain parcels of land identified by Tax Map Key Nos. (3) 9-9-002: 021 and 022.

34. Plaintiff is entitled to foreclose on the Mortgagor's interests in the Mortgaged Properties and to apply proceeds toward satisfaction of the Mortgage, Note and Amended Note, or any of the other Loan Documents.

## COUNT III
### UCC Financing Statement

35. Plaintiff reasserts the foregoing allegations as if set forth fully herein.

36. The Loan is secured by the UCC Financing Statement.

37. The lien of the UCC Financing Statement is valid, subsisting, senior, and superior to every defendant's interest in the Mortgaged Properties and the other property interests described therein, including but not limited to those certain parcels of land identified by Tax Map Key Nos. (3) 9-9-002: 021 and 022.

38. Plaintiff is entitled to foreclose on the Mortgagor's interests in the Mortgaged Properties and the other property interests described in the UCC Financing Statement and to apply proceeds toward satisfaction of the UCC Financing Statement, Note and Amended Note, or any of the other Loan Documents.

## COUNT IV
### Assignment

39. Plaintiff reasserts the foregoing allegations as if set forth fully herein.

40. The Assignment is a binding and enforceable contract between Plaintiff and Ohia Opportunities.

41. An Event of Default has occurred as defined in the Assignment.

42. Plaintiff is entitled to specific performance of the Assignment, including the right to enforce Ohia Opportunities' rights and interests with respect

to the Assigned Rights, including immediate remittance of any rents and sums due under the Assignment to Plaintiff.

43. In addition and/or alternatively, Ohia Opportunities' breaches under the Assignment have damaged Plaintiff in an amount to be proven at trial.

## COUNT V
### Pledge Financing Statement

44. Plaintiff reasserts the foregoing allegations as if set forth fully herein.

45. The Loan is secured by the Pledge Financing Statement.

46. The lien of the Pledge Financing Statement is valid, subsisting, senior, and superior to every defendant's interest in the Pledged Interests.

47. Plaintiff is entitled to foreclose on the Pledged Interests and to apply proceeds toward satisfaction of the amounts due under the Pledge Financing Statement or any of the other Loan Documents.

48. In addition and/or alternatively, Plaintiff is entitled to a charging order on Bristol's distributional interest in Ohia Opportunities and foreclosure of Bristol's distributional interest in Ohia Opportunities.

49. In addition and/or alternatively, Ohia Opportunities and/or Bristol's breaches under the Pledge Financing Statement have damaged Plaintiff in an amount to be proven at trial.

## COUNT VI
### Pledge Agreement

50. The Pledge Agreement is a binding and enforceable contract between Plaintiff, Ohia Opportunities, and Bristol.

51. An Event of Default has occurred as defined in the Pledge Agreement.

52. Plaintiff is entitled to specific performance of the Pledge Agreement, including the right to transfer or caused to be transferred to Plaintiff, or the nominee or nominees of Plaintiff, on the books of Ohia Opportunities, any and all of the Pledged Interests, and/or the right to sell, assign, transfer, and deliver the Pledged Interests or any portion thereof.

53. Plaintiff is entitled to foreclose on the Pledged Interests and to apply proceeds toward satisfaction of the amounts due under the Pledge Agreement or any of the other Loan Documents.

54. In addition and/or alternatively, Plaintiff is entitled to a charging order on Bristol's distributional interest in Ohia Opportunities and foreclosure of Bristol's distributional interest in Ohia Opportunities.

55. In addition and/or alternatively, Ohia Opportunities and/or Bristol's breaches under the Pledge Agreement have damaged Plaintiff in an amount to be proven at trial.

56. **NOTICE IS HEREBY GIVEN THAT THIS ACTION IS AN ATTEMPT TO COLLECT A DEBT, THAT ANY INFORMATION**

**OBTAINED WILL BE USED FOR THAT PURPOSE, AND THAT THE DEBT MAY BE DISPUTED.**

WHEREFORE, Plaintiff prays that the Court:

A. Declare the Mortgage to be a lien upon the Mortgaged Properties, including but not limited to those certain parcels of land identified by Tax Map Key Nos. (3) 9-9-002: 021 and 022, securing payment of the amounts owed to Plaintiff under the Loan Documents, senior and superior to every other person's, entity's, and Borrowers' interests in the Mortgaged Properties;

B. Declare the UCC Financing Statement to be a lien upon the Mortgaged Properties and the other property interests described in the UCC Financing Statement, including but not limited to those certain parcels of land identified by Tax Map Key Nos. (3) 9-9-002: 021 and 022, securing payment of the amounts owed to Plaintiff under the Loan Documents, senior and superior to every other person's, entity's, and Borrowers' interests in the Mortgaged Properties and the other property interests described in the UCC Financing Statement;

C. Order the Mortgage and/or UCC Financing Statement foreclosed, the Mortgaged Properties, including those certain parcels of land identified by Tax Map Key Nos. (3) 9-9-002: 021 and 022, and other property interests described therein, sold in the manner provided by law, and the sale proceeds applied to the

amounts owed to Plaintiff under the Loan Documents;

      D.     If, for any reason, foreclosure of the Mortgage and/or UCC Financing Statement is not pursued or granted, enter judgment in favor of Plaintiff and against Ohia Opportunities and Bristol for the full amounts owed under the Loan Documents;

      E.     Declare the Pledge Financing Statement to be a lien upon the Pledged Interests, securing payment of the amounts owed to Plaintiff under the Loan Documents, senior and superior to every other person's, entity's, and Borrowers' interests in the Pledged Interests;

      F.     Order the Pledge Financing Statement and/or Pledged Interests foreclosed, the Pledged Interests sold in the manner provided by law, and the sale proceeds applied to the amounts owed to Plaintiff under the Loan Documents;

      G.     Enter judgment and/or charging order for Bristol's distributional interest in Ohia Opportunities and order foreclosure of such interest;

      H.     If, for any reason, foreclosure of the Pledge Financing Statement and/or Pledged Interests is not pursued or granted, enter judgment in favor of Plaintiff and against Ohia Opportunities and Bristol for the full amounts owed under the Loan Documents;

      I.     Order specific performance of the Assignment, including Ohia Opportunities' immediate remittance of any rents and sums due under the

Assignment to Plaintiff;

J.     Order specific performance of the Pledge Agreement, including the transfer of all rights to the Pledged Interests to Plaintiff;

K.     Enter judgment in favor of Plaintiff and against Ohia Opportunities and Bristol for damages in an amount to be proven at trial;

L.     Award Plaintiff its attorney's fees and expenses incurred herein; and

M.     Award such other and further relief as is just and equitable.

DATED: Honolulu, Hawai'i, June 4, 2021.

                CADES SCHUTTE
                A Limited Liability Law Partnership

                */s/ Theodore D. C. Young*
                THEODORE D. C. YOUNG
                MICHI MOMOSE
                Attorneys for Plaintiff
                MFY FUNDING LLC