IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MFY FUNDING LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OHIA OPPORTUNITIES, LLC;<br>KANOA ROSS BRISTOL; JOHN<br>DOES 1-50; JANE DOES 1-50; AND<br>DOE ENTITIES 1-50,<br><br>　　　　　Defendants. | Case No. 21-cv-00261-DKW-KJM<br><br>**ORDER (1) GRANTING IN PART<br>AND DENYING IN PART<br>PLAINTIFF'S MOTION TO<br>DISMISS COUNTERCLAIMS (Dkt.<br>No. 16); and (2) GRANTING<br>PLAINTIFF'S MOTION TO<br>STRIKE JURY TRIAL DEMAND<br>(Dkt. No. 17)** |

Before the Court are two motions: (1) Plaintiff MFY Funding, LLC's

("MFY") motion to dismiss Defendant Ohia Opportunities, LLC's ("Ohia")

counterclaims; and (2) MFY's motion to strike Ohia's jury trial demand.   Ohia's

counterclaims of unfair and deceptive practices, unfair methods of competition,

and both intentional and negligent infliction of emotional distress fail as a matter of

law and are DISMISSED WITH PREJUDICE.   Ohia's misrepresentation claims

are DISMISSED WITHOUT PREJUDICE.   Ohia's claim of unjust enrichment is

sufficiently pled and may proceed without amendment.   As to the jury trial

demand, it is clear Ohia waived its right to a jury trial over claims arising out of its

business agreements with MFY.   Accordingly, MFY's motion to strike Ohia's jury trial demand is GRANTED.

## RELEVANT BACKGROUND

MFY is a limited liability company whose sole member, Earl Fuelling, is a resident of Tennessee.   Dkt. No. 13-1 at 2–3.   Ohia is a limited liability company whose sole member, Kanoa Ross Bristol, is a resident of Hawai'i.   *Id.* at 2.   In late 2016, Fuelling, Bristol, and a non-party, Christopher Moreland, discussed "working in conjunction to do rehab projects, wherein they would purchase properties, renovate them, and later sell them and split the sale proceeds."   *Id.* at 4. On April 6, 2017, Bristol, on behalf of Ohia, purchased two lots in Volcano on the Big Island ("Volcano Properties").   *Id.*   It appears MFY did not provide the funding for this purchase.   *Id.* ("funding [was] provided by a licensed private lending company").

In early June 2017, Fuelling, Bristol, and Moreland agreed to purchase a property on Kauai Road in Pahoa on the Big Island ("Kauai Road Property").   *Id.* Fuelling was to provide $50,000 in funds for repairs to this property, which Bristol would oversee.   *Id.* at 5.   The sale closed and the property was transferred to Ohia alone on July 17, 2017.   *Id.* at 6.   According to Bristol, the original plan was to have the sale executed by both MFY and Ohia but Fuelling pulled support for that plan late in the negotiations.   *Id.* at 5.   On July 25, 2017, Bristol claims to have

been instructed by Fuelling to sign certain documents to refinance the Volcano

Properties, necessary to secure funding for the Kauai Road Property purchase.   *Id.*

at 6.   Bristol avers that Moreland and Fuelling "intentionally failed to provide

Bristol with sufficient time to review the closing documents."   *Id.* at 6–7.

After closing, MFY released $40,000 for repairs on the Kauai Road

Property, $10,000 less than the parties had agreed was necessary.   *Id.*

Nonetheless, Bristol began repairs with those funds.   *Id.* at 7.   Before the repairs

were complete, Fuelling, Bristol, and Moreland acquired an additional property,

which was located in Hawaiian Paradise Park on the Big Island (the "23rd Avenue

Property").   *Id.* at 7–8.   While the offer on the 23rd Avenue Property was

accepted on December 13, 2017, MFY was unable to close and fund the sale until

February 7, 2018.   *Id.* at 8.   Bristol alleges that, again, he was provided with the

paperwork consummating this transaction just before closing and "was unable to

review them until signing."   *Id.*

It is unclear from Ohia and Bristol's factual recitation, but the paperwork

consummating the 23rd Avenue Property purchase appears to include a promissory

note and mortgage agreement between MFY and Ohia.   *See* Dkt. Nos. 16-3, 16-4.

Pursuant to the Promissory Note executed on January 29, 2018, MFY agreed to

loan Ohia $698,800.   Dkt. No. 16-3.   The accompanying mortgage agreement

encumbered not only the 23rd Avenue Property but the Volcano Properties and the Kauai Road Property as well.   *See* Dkt. No. 16-4 at 26–29.

After closing on the 23rd Avenue Property, MFY was to release repair funds to Bristol.   *Id.*   The first of these was to include $30,000: $20,000 to fund the initial repairs on the 23rd Avenue Property and $10,000 to complete repairs on the Kauai Road Property.   *Id.*   However, only $22,000 was released.   *Id.* at 8–9. Roughly five weeks later, MFY released another $20,000.   *Id.* at 9.   Around April 17, 2018, Bristol updated Fuelling on the repairs and requested the release of another $20,000.   *Id.*   Time was of the essence as various contractors were being employed and supply orders were pending.   *Id.* at 9–10.   On April 30, 2018, Bristol repeated the immediate need for the additional $20,000.   *Id.* at 10. Despite this, MFY did not release another $20,000 until May 22, 2018.   *Id.* at 11. Bristol alleges that this roughly one month delay caused significant problems as various contractors were no longer available and materials became harder to source.   *Id.*

In February or March of 2019, aware of Bristol's challenges in completing the repairs on the Kauai Road and 23rd Avenue Properties, Fuelling suggested amending the Promissory Note.   *Id.* at 12, 15.   In particular, he suggested that Bristol convey the Kauai Road and 23rd Avenue Properties to MFY; in exchange, MFY "would be able to source a long term loan for Bristol's Volcano Property."

4

*Id.*  Bristol did, in fact, execute an Amended Note and Warranty Deed in Lieu of Foreclosure with MFY conveying those properties and altering the terms of the loan.  *See* Dkt. Nos. 16-5, 16-6.

On or about January 4, 2021, MFY sent Ohia and Bristol a Notice of Default and Demand Letter.  Dkt. No. 13-1 at 13.  Six months later, MFY initiated this foreclosure suit.  Dkt. No. 1.

On June 28, 2021, Ohia and Bristol filed an answer to the complaint as well as counterclaims against MFY and Fuelling individually.  Dkt. Nos. 13, 13-1.  Ohia and Bristol also filed a jury trial demand.  Dkt. No. 13-2.  On July 19, 2021, MFY and Fuelling filed a motion to dismiss the counterclaims against them as well as a motion to strike the jury trial demand.  Dkt. Nos. 16, 17.  Ohia and Bristol filed their response to both motions on August 13, 2021, Dkt. No. 26, to which MFY and Fuelling replied on August 19, 2021, Dkt. Nos. 27, 28.  This order follows.

## **STANDARD OF REVIEW**

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."   *Id.*

Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Id.* (citing *Twombly*, 550 U.S. at 555).   Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* (citing *Twombly*, 550 U.S. at 556).   Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2).   *Id.* at 679.

A party claiming fraud or mistake "must state with particularity the circumstances constituting fraud or mistake."   Fed. R. Civ. P. 9(b). "[C]ircumstances must be alleged with enough specificity to give defendants notice of the particular misconduct . . . so they can defend against the charge and not just deny that they have done anything wrong."   *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation and internal quotation marks omitted).   To that end, Rule 9(b) demands detailed allegations setting forth "the

6

time, place, and nature of the alleged fraudulent activities." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *see also Illinois Nat'l Ins. Co. v. Nordic PCL Const., Inc.*, 870 F. Supp. 2d 1015, 1036–37 (D. Haw. 2012) (explaining that allegations of fraud "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged") (citation omitted).   "[M]ere conclusory allegations of fraud are insufficient."   *Moore*, 885 F.2d at 540.

## DISCUSSION

Ohia and Bristol advance five counterclaims: (1) unfair and deceptive trade practices (the "UDAP" claim); (2) unfair methods of competition (the "UMOC" claim); (3) intentional and negligent misrepresentation; (4) unjust enrichment; and (5) intentional and negligent infliction of emotional distress ("IIED" and "NIED" respectively).   Dkt. No. 13-1 at 13–18.   It is no surprise that most of these counterclaims fail.   Ohia and MFY are entities that executed loan and mortgage agreements for business and commercial purposes.   In nearly all cases where such agreements are present and a party to the contract suffers injury, the appropriate remedy is to sue on the contract.   Ohia and Bristol have instead chosen to sue largely in tort.

Ohia and Bristol's UDAP and UMOC claims fail because Ohia was not a "consumer" protected by Hawaii's Unfair and Deceptive Practices Act, and they have failed to address in any way how private business dealings between two

small, limited liability companies harmed competition.   Their misrepresentation claims fail because all alleged misrepresentations were *promissory*, that is, a promise about future conduct.   Finally, their IIED and NIED claims fail because no facts pled or arguments made demonstrate MFY or Fuelling engaged in "outrageous" conduct, and no physical injury or extreme emotional distress is alleged.   Dismissal of Counts I, II, and V is WITH PREJUDICE, while dismissal of Count III is WITHOUT PREJUDICE AND WITH LEAVE TO AMEND. Because the Court finds Ohia and Bristol's unjust enrichment claim to be sufficiently pled, dismissal of that claim is DENIED.

It is clear that Ohia and Bristol waived their jury trial rights in writing, and no facts pled or arguments made demonstrate that waiver was involuntary or unknowing.   Accordingly, the motion to strike Ohia and Bristol's jury trial demand is GRANTED.

I.     **The Court Takes Judicial Notice of Ohia's Agreements with MFY**

"[G]enerally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint."   *See Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir.2010).   However, "a court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."   *Id.* (citations and

internal quotation marks omitted); *see also Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 2014 WL 2450815, at *3 (D. Haw. May 30, 2014).   The Court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir.2003); *see also Island Grp., Inc. v. SwimWays Corp.*, 954 F. Supp. 2d 1045, 1054 (D. Haw. 2013).

Here, all three elements are met.   Ohia and Bristol refer to their agreements with MFY.   *See, e.g.*, Dkt. No. 13-1 at 37 (Bristol signed documents from Fuelling concerning purchase of the 23rd Avenue Property); *id.* at 12 (explaining that Fuelling "proposed amending the Promissory Note with unreasonable terms"); *id.* at 14 (referring explicitly to "the Note (as defined in the Complaint)"); *id.* at 15 (referencing amendment to "the Note (as defined in the Complaint)").   Those agreements are central to Ohia's counterclaims, as those claims rest on allegations that MFY employed fraud and misrepresentation in negotiating and performing under those agreements.   *See* Dkt. No. 26 at 18 ("[t]he crux of the Counterclaim is that Bristol was defrauded by MFY Funding and Earl").   And while Ohia makes the conclusory claim that Bristol did not "knowingly and voluntarily" execute the contracts with MFY, *id.*, it does not dispute that the contracts attached to the Complaint and MFY's motion to dismiss are, in fact, true and correct copies of the agreements Ohia and Bristol entered into with MFY.

Accordingly, the Court considers the Promissory Note, Amended Note, Mortgage Agreement, and Warranty Deed in Lieu of Foreclosure between MFY and Ohia, Dkt. Nos. 16-3, 16-4, 16-5, and 16-6, as well as the Payment Guaranty between Bristol in his personal capacity and MFY, Dkt. No. 17-4, in ruling on MFY's motion to dismiss and motion to strike the jury trial demand.  *See Ritchie,* 342 F.3d at 908.

## II.   Counterclaims

### A.   Unfair and deceptive practices (Count I)

Ohia and Bristol's UDAP claim fails as a matter of law because neither was a "consumer" under the statute.   "No person other than a consumer, the attorney general or the director of the office of consumer protection may bring an action based upon unfair or deceptive acts or practices declared unlawful by this section." Haw. Rev. Stat. § 480-2(c).   "Consumer means a natural person who, primarily for personal, family, or household purposes, purchases, attempts to purchase, or is solicited to purchase goods or services or who commits money, property, or services in a personal investment."   Haw. Rev. Stat. § 480-1.

Ohia and Bristol's counterclaim details a *business venture* between two companies, with Bristol acting *on behalf of* Ohia.   *See* Dkt. No. 13-1 at 4–13. Ohia and Bristol detail how they discussed with Fuelling and Moreland "working in conjunction to do 'rehab projects,' wherein they would purchase properties,

renovate them, and later sell them and split the sale proceeds." *Id.* at 4. They then detail the several "rehab projects" in which they engaged. *Id.* at 4–12. Each "rehab" property was held *by Ohia*, not Bristol personally. *See* Dkt. No. 16-4 at 26–29. And there is *no indication whatsoever* that Bristol personally purchased any of the properties "for personal, family, or household purposes."

Ohia and Bristol's response to the argument that neither is a "consumer" under the statute is a non sequitur. They argue "loan borrowers are consumers within the meaning of the statute." Dkt. No. 26 at 5 (citing *Compton v. Countrywide Fin. Corp.*, 761 F.3d 1046, 1053 (9th Cir. 2014)). But neither MFY nor the Court disputes the fact that a loan borrower *can be* a consumer under the statute. *See* Dkt. No. 27 at 3–6. More, however, is required. Pursuant to the statute, a loan borrower must still demonstrate that the loan was used "primarily for personal, family, or household purposes." *See* Haw. Rev. Stat. § 480-1. Ohia and Bristol cannot do so.

Ohia and Bristol further argue that Bristol "personally sacrificed time with his family on O'ahu" to oversee the rehab projects on the Big Island. Dkt. No. 26 at 5. How this shows Bristol is a consumer with regard to his business interactions with MFY is lost on the Court. That a businessperson (Bristol) engaged in a business venture (rehabbing properties for resale) and then spent time overseeing that venture is of no help to Counterclaimants. Even if it were, it is

11

belied by the agreements Ohia executed.   Ohia, *not Bristol*, executed all subject agreements with MFY.[1]   *See, e.g.*, Dkt. No. 16-4 (listing Ohia as the Mortgagor). The Mortgage, executed on behalf of *Ohia*, explicitly states that the "Mortgagor owns and maintains the Premises for commercial or business purposes" and "Mortgagor will not reside in the Premises at any time during the term of the loan." *Id.* at ¶ 3.16.

Ultimately, as it pertains to their interactions with MFY, Ohia and Bristol are precisely the types of entities and businesspersons the statute was designed to exclude.   *See Cieri v. Leticia Query Realty, Inc.*, 905 P.2d 29, 37 (Haw. 1995) ("the legislature principally sought to preclude HRS § 480-2's applicability to private disputes between businesspersons").   Accordingly, because Ohia and Bristol lack standing to bring an unfair and deceptive practices claim under HRS § 480-2, that claim is DISMISSED.   Because the Court finds amendment would be futile, dismissal is WITH PREJUDICE.

## B.    Unfair methods of competition (Count II)

The Court agrees with MFY and Fuelling that, in response to the motion to dismiss, Ohia and Bristol have "fail[ed] to address the defects in [their] UMOC claim;" in particular, they "have not pled the nature of competition and injury from

---

[1]The only exception is that Bristol signed personally as a guarantor of the Amended Note.   Dkt. No. 16-5 at 5, Dkt. No. 17-4.   But the Amended Note is still an agreement between Ohia and MFY and provides little, if any, evidence to support a claim that Bristol has standing as a "consumer" under HRS § 480-2.

MFY's anti-competitive conduct." *See* Dkt. No. 27 at 8.  "To establish an unfair method of competition claim, a plaintiff must prove: '(1) a violation of HRS Chapter 480; (2) which causes an injury to the plaintiff's business or property; and (3) proof of the amount of damages.'" *Field, Tr. of Est. of Aloha Sports Inc. v. Nat'l Collegiate Athletic Ass'n*, 431 P.3d 735, 750 (2018) (quoting *Gurrobat v. HTH Corp.*, 323 P.3d 792, 812 (2014)).  "To fulfill the second element of an unfair method of competition violation, a plaintiff must (a) demonstrate an injury in fact to one's business and (b) demonstrate how a defendant's conduct negatively affects competition or harms fair competition." *Field, Tr. of Est. of Aloha Sports Inc.*, 431 P.3d at 747 (citing *Gurrobat*, 323 P.3d at 812).

In both the counterclaim and response to the motion to dismiss, Ohia and Bristol allege no facts and make no arguments as to the nature of competition harmed by MFY or Fuelling's dealings with Ohia or Bristol, despite being pressed on this very issue.  The Court can only assume that is because they simply cannot do so.  This case is about contracts (express and, arguably, implied) between Ohia/Bristol and MFY/Fuelling.  Because Ohia and Bristol have not—and cannot—show their alleged injury stemmed from harm to *competition*, this claim is DISMISSED WITH PREJUDICE.

## C.    Intentional/negligent misrepresentation (Count III)

Misrepresentation is generally actionable only if the alleged misrepresentation "relate[s] to a past or existing material fact and not the occurrence of a future event."  *TSA Int'l, Ltd. v. Shimizu Corp.*, 990 P.2d 713, 725 (Haw. 1999) (citing *Stahl v. Balsara*, 587 P.2d 1210, 1214 (1978)).   This requirement concerns the subject of the alleged statement itself, and it applies regardless of whether the statement was made in order to induce present action or some action in the future.   As the Hawaiʻi Supreme Court has explained:

> Fraud cannot be predicated on statements which are promissory in their nature, or constitute expressions of intention, and an actionable representation cannot consist of mere broken promises, unfulfilled predictions or expectations, or erroneous conjectures as to future events, even if there is no excuse for failure to keep the promise, and even though a party acted in reliance on such a promise.

*Stahl*, 587 P.2d at 1214; *see also Courter v. Karolle*, 2013 WL 2468360, *9 (D. Haw. June 6, 2013) ("[Defendant's] claim for fraud must fail as a matter of law because the false statement forming the basis of the claim (*i.e.*, that [plaintiff] promised to hold title to [the subject property] in name only, and to allow [defendant] to transfer title back to himself whenever he wished) are promissory in nature and, therefore, insufficient to support a claim for fraud."); *Prim Liab. Co. v. Pace-O-Matic, Inc.*, 2012 WL 263116, *9 (D. Haw. Jan. 30, 2012) ("[Party]'s contractual promises cannot form the basis of a fraud claim.").

14

Ohia and Bristol's misrepresentation claims fail because all of the alleged misrepresentations were *promissory* (*i.e.*, promises about future events).   As far as the Court can tell, the alleged misrepresentations concern MFY/Fuelling promising to provide renovation funds and either failing to provide the agreed-upon amounts or providing them on a belated basis.   Other alleged misrepresentations concern the timing of closing and MFY/Fuelling failing to then close within the promised time frame.   *See* Dkt. No. 26 at 8–9 (Ohia and Bristol summarizing the alleged misrepresentations).   These are precisely the type of "broken promises, unfulfilled predictions or expectations, or erroneous conjectures as to future events" that cannot form the basis of a misrepresentation action.   *See Stahl*, 587 P.2d at 1214.

Accordingly, Ohia and Bristol's misrepresentation claims—both intentional and negligent—are DISMISSED.   Because it is conceivable that additional misrepresentations were made concerning past or existing material facts that have not thus far been identified to the Court or pled, dismissal is WITHOUT PREJUDICE.

### D.    Unjust enrichment (Count IV)

"As a general rule, '[a]n action for unjust enrichment cannot lie in the face of an express contract.'"   *Franco v. Fed. Nat. Mortg. Ass'n*, 2011 WL 1842970, at *7 (D. Haw. May 13, 2011) (quoting *Porter v. Hu*, 169 P.3d 994 (Haw. App. 2007)).   Acknowledging this principle, Ohia and Bristol argue that the contracts at

issue did not memorialize the whole of the agreement between them and MFY/Fuelling; in particular, they did not memorialize the plan to jointly acquire, rehabilitate, and sell properties for shared profit.   Dkt. No. 26 at 12-14.   Ohia and Bristol continue that "MFY Funding and [Fuelling] benefitted from the [repair] work completed by Bristol" on the subject properties.   Dkt. No. 13-1 at 17. Bristol is, therefore, entitled to a *quantum meruit* remedy.   Dkt. No. 26 at 12–14.

MFY and Fuelling, for their part, argue only that the contractual agreements between them and Ohia/Bristol preclude an unjust enrichment claim.   *See* Dkt. Nos. 16-1at 23–24; Dkt. No. 27 at 12–13.   This argument is unpersuasive because it appears, on the face of the counterclaim, that the business venture between Ohia/Bristol and MFY/Fuelling extended beyond the loan agreements and mortgage at issue in this case.   Bristol clearly facilitated repairs on several properties that, in his telling, were to be sold for a profit that Ohia and MFY would share.   That Bristol completed that work and, it appears, may not share in any profits generated by the sale of the subject properties, is sufficient to state a cognizable unjust enrichment claim.   Accordingly, the motion to dismiss this claim is DENIED.

### E.   Intentional/negligent infliction of emotional distress (Count V)

"The elements of the tort of intentional infliction of emotional distress are 1) that the act allegedly causing the harm was intentional or reckless, 2) that the act

16

was outrageous, and 3) that the act caused 4) extreme emotional distress to another." *Hac v. Univ. of Haw.*, 73 P.3d 46, 60–61 (Haw. 2003) (adopting IIED standard from Restatement (Second) of Torts). "The Hawaii Supreme Court defines the term 'outrageous' as conduct 'without just cause or excuse and beyond all bounds of decency.'" *Annan-Yartey v. Honolulu Police Dep't*, 475 F. Supp. 2d 1041, 1050 (D. Haw. 2007) (quoting *Enoka v. AIG Haw. Ins. Co.*, 128 P.3d 850, 872 (Haw. 2006)). "Extreme emotional distress" constitutes "'mental suffering, mental anguish, nervous shock, and other highly unpleasant mental reactions.'" *Id.* (quoting *Enoka*, 128 P.3d at 872). An IIED claim cannot be sustained by "threats, annoyances, petty oppressions, or other trivialities." *Young v. Allstate Ins. Co.,* 198 P.3d 666, 688 (Haw. 2008) (citations and internal quotation marks omitted).

Ohia and Bristol's allegations come nowhere close to meeting the high bar for establishing an IIED claim. There is simply no way to read the facts, as alleged, to find MFY or Fuelling's actions were "outrageous." MFY and Fuelling are alleged to have provided inadequate funding for property repairs and were delayed in providing that funding and closing on properties, jeopardizing the optimal sales window for their joint investments. Dkt. No. 13-1 at 4–12. MFY and Fuelling also renegotiated a loan agreement with Ohia, and, ultimately, foreclosed on Ohia's property. *Id.* at 12–13. Even if the Court assumes the

renegotiated loan terms were "unreasonable," this conduct is a far cry from the type of "outrageous," "beyond all bounds of decency" behavior necessary to sustain an IIED claim.

Moreover, Ohia and Bristol fail to respond to MFY's argument that they do not allege any "extreme emotional distress" as a result of MFY or Fuelling's conduct.   *See* Dkt. No. 16 at 26.   The most Ohia and Bristol muster in their response is a conclusory claim that Bristol "discovered the causal connection between his *emotional distress* and MFY Funding and [Fuelling's] actions" in January 2021, when Fuelling sought to foreclose on Ohia's property.   Dkt. No. 26 at 22 (emphasis added).   Mere "emotional distress," however, is not enough. Further, Ohia and Bristol describe harm to Bristol's "personal finances" and challenges with having to spend time away from family to oversee a business venture on the Big Island that he voluntarily entered.   *See* Dkt. No. 13-1 at 7, 12, 14.   This is not even in the ballpark of alleging "extreme emotional distress."

As to Ohia and Bristol's NIED claim, the motion to dismiss is unopposed. *See* Dkt. No. 26 at 14–16 (addressing elements of an IIED claim and not an NIED claim).   Because Ohia and Bristol "have not even alleged physical injury or a diagnosed illness" nor made any such allegation in response to MFY's motion to dismiss, they have simply not stated an NIED claim or made any argument in

opposition to its dismissal.   *See U.S. E.E.O.C. v. NCL Am.*, 535 F. Supp. 2d 1149, 1172 (D. Haw. 2008).

Dismissal of Ohia and Bristol's IIED and NIED claims is WITH PREJUDICE.[2]

## III.   **Jury Demand**

Ohia and Bristol unequivocally waived their jury trial rights over claims arising out of the loan and mortgage agreements at issue in this case.   The mortgage between Ohia and MFY that is the subject of this foreclosure case contains the following provision:

> 5.7   <u>Jury Waiver</u>. Mortgagee and Mortgagor each hereby waives trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Mortgage or any document evidencing or securing the line of credit governed by the Loan Documents.

Dkt. No. 16-4 at 23.   The Payment Guaranty, signed by Bristol in his personal capacity, contains a similar provision:

> 19.   <u>Jury waiver</u>. The Guarantor and, by acceptance of delivery of this Guaranty, the Lender, hereby waives trial by jury in any action, proceeding, claim or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Guaranty.

Dkt. No. 17-4 at 4.

---

[2]Dismissal with prejudice and without leave to amend is appropriate where a motion is unopposed.   *See Fabian v. Guild Mortg. Co.*, 2014 WL 12573004, at *4 (D. Haw. Feb. 11, 2014) ("insofar as the Motion is unopposed, Plaintiffs have failed to assert a basis to maintain the claims alleged in the Complaint. The Court therefore concludes that any amendment would be futile" (citing *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009)).

Despite these express provisions, Ohia and Bristol argue there remains "a dispute over whether there has been a clear showing of a waiver of such right to jury trial, either by express or implied conduct." Dkt. No. 26 at 18. The Court cannot see how. By signing the agreements, *see* Dkt. No. 16-4 at 24, Dkt. No. 17-4 at 5, Ohia and Bristol through *express* conduct made a *clear showing* of intent to waive their jury trial rights.[3]

Ohia and Bristol appear to be arguing that though they executed the agreements, because they did not do so "knowingly and voluntarily," the jury trial waiver provision is invalid. Dkt. No. 26 at 24. However, such vague and conclusory allegations are insufficient to invalidate the jury trial waiver provision. Other than alleging Bristol was provided the loan and mortgage documents with little time to review them, the counterclaim makes *no specific* allegations to support a finding the agreements were not entered knowingly and voluntarily.

Further, as MFY points out, even if the Court found fraudulent inducement with respect to certain aspects of the agreements between Ohia/Bristol and MFY/Fuelling—such as those concerning the timing of renovation funding and property closings—these allegations are not directed at the jury waiver provision itself. "[G]eneral allegations of fraudulent inducement in connection with a

---

[3]Notably, Ohia and Bristol appear to concede (or at least do not contest) the fact that the Mortgage and Payment Guaranty in the record are, in fact, accurate copies of the contracts they signed. *See* Dkt. No. 26 at 16–18.

contract . . . are insufficient to invalidate an otherwise valid [jury trial] waiver."

*Aventa Learning, Inc. v. K12, Inc.*, 2011 WL 13100747, at *4 (W.D. Wash. Nov. 8,

2011); *see also Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171,

188 (2d Cir. 2007) ("[U]nless a party alleges that its agreement to waive its right to

a jury trial was itself induced by fraud, the party's contractual waiver is

enforceable vis-à-vis an allegation of fraudulent inducement relating to the contract

as a whole.").

Accordingly, the motion to strike Ohia and Bristol's jury trial demand is
GRANTED.

## CONCLUSION

As detailed above, MFY Funding's motion to dismiss counterclaims, Dkt.

No. 16, is GRANTED IN PART and DENIED IN PART.   Counts I, II, and V,

Dkt. No. 13-1, are DISMISSED WITH PREJUDICE.   Count III is DISMISSED

WITHOUT PREJUDICE AND WITH LEAVE TO AMEND.   Count IV, unjust

enrichment, survives this order.   Any amended counterclaim must be filed no later

than September 10, 2021, consistent with the terms of this Order.

MFY Funding's motion to strike Defendants' jury trial demand, Dkt. No. 17,

is GRANTED.

IT IS SO ORDERED.

Dated: August 31, 2021 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

*MFY Funding v. Ohia Opportunities, LLC, et al.;* Civil No. 21-00261-DKW-KJM; **ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS (Dkt. No. 16); and (2) GRANTING PLAINTIFF'S MOTION TO STRIKE JURY TRIAL DEMAND (Dkt. No. 17)**