IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MFY FUNDING LLC,<br><br>     Plaintiff,<br><br>  vs.<br><br>OHIA OPPORTUNITIES, LLC;<br>KANOA ROSS BRISTOL; JOHN<br>DOES 1-50; JANE DOES 1-50; and<br>DOE ENTITIES 1-50,<br><br>     Defendants. | Civil No. 21-00261 DKW-KJM<br><br>FINDINGS AND<br>RECOMMENDATION TO GRANT IN<br>PART AND DENY IN PART<br>PLAINTIFF MFY FUNDING LLC'S<br>MOTION FOR CONFIRMATION OF<br>SALE, AWARD OF DAMAGES,<br>AWARD OF ATTORNEYS' FEES<br>AND COSTS, AND WRIT OF<br>POSSESSION |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART PLAINTIFF MFY FUNDING LLC'S MOTION FOR
CONFIRMATION OF SALE, AWARD OF DAMAGES, AWARD OF
ATTORNEYS' FEES AND COSTS, AND WRIT OF POSSESSION**

Plaintiff MFY Funding LLC ("MFY" or "Plaintiff") filed a Motion for

Confirmation of Sale, Award of Damages, Award of Attorneys' Fees and Costs,

and Writ of Possession on July 31, 2023 ("Motion").  ECF No. 109.  The Motion

arises from a loan MFY made to Defendants Ohia Opportunities, LLC ("Ohia")

and Kanoa Ross Bristol ("Bristol"), secured by a mortgage agreement and security

interests, and personally guaranteed by Bristol.  *Id*. at 4–5.  Defendants defaulted

on their payments and guaranty.  ECF No. 90 at 3–7.  MFY foreclosed on the

mortgages.

Plaintiff asks this Court to confirm the sale of certain foreclosed properties

and requests a writ of possession entitling Plaintiff to possess these properties.

ECF No. 109 at 12. Plaintiff also asks for a judgment for principal, interest, and

late charges in addition to an award of reasonable attorneys' fees and costs. *Id*.

After carefully considering the Motion, briefings, record in this case, and

applicable case law, the Court FINDS and RECOMMENDS that the district court

GRANT in PART and DENY in PART the Motion.

## BACKGROUND

As the Court and the parties are familiar with the history of this case, the

Court includes only the material relevant to the disposition of the instant Motion.

## A.    Facts

As expounded by the district court in its November 4, 2022 Order (1)

Granting in Part Plaintiff's Motion for Partial Summary Judgment as to Counts 1,

2, and 3 of the Complaint, and (2) Granting Plaintiff's Motion for Interlocutory

Decree of Foreclosure Against All Parties ("Order Granting Partial Summary

Judgment"), MFY agreed to lend $698,800 to Ohia as part of a

real property rehabilitation venture on January 29, 2018. ECF No. 90 at 3. The

loan was evidenced by a January 29, 2018 promissory note (the "Note") executed

by Ohia and delivered to MFY. *Id*. Bristol, the sole member of Ohia, personally

guaranteed the loan. *Id*. Among other things, the loan was secured by a mortgage

agreement granting MFY a security interest in five parcels of land ("Mortgage") and the securities outlined in a UCC Financing Statement. *Id*. at 4–5.

Ohia and Bristol (collectively, "Defendants") failed to make payments on the loan, and subsequently executed a First Amendment of Promissory Note and Confirmation of Guaranty ("Amended Note"), in which Ohia conveyed three of the five properties encumbered by the Mortgage ("Deed in Lieu Properties"), among other terms. *Id*. at 6; *see also* ECF No. 109-4. Defendants failed again to make timely payments as required under the Amended Note. ECF No. 90 at 7.

**B.   Procedural History**

MFY filed this action on June 4, 2021, under the Court's diversity jurisdiction. ECF No. 1 at 3 ¶ 6. MFY alleged the following counts: (1) Breach and Default under the Note, Amended Note, and Guaranty; (2) Foreclosure on the two remaining mortgaged properties described in the mortgage and identified by Tax Map Key Nos. (3) 9-9-002: 021 and 022 ("Properties"); (3) Foreclosure on the security interests described in the UCC Financing Statement; (4) Breach and Default under the Assignment of Agreements, Permits, Licenses and Approvals; (5) Foreclosure on the security interests described in the Pledge Financing Statement; and (6) Breach and Default under the Pledge and Security Agreement and Foreclosure on the security interests described in the Pledge and Security Agreement. *Id*. at 10–17.

MFY filed a Motion for Summary for Partial Summary Judgment as to
Counts 1, 2, and 3 on June 7, 2022 ("MPSJ").  ECF No. 56.  MFY also requested
attorneys' fees and costs incurred in connection with these three counts.  *Id* at 4, 6.
On November 4, 2022, the district court granted MFY's MPSJ, concluding that
there were no genuine issues of material fact that Defendants breached their loan
contract in connection with Count 1 and that MFY was entitled to an interlocutory
decree of foreclosure in connection with Counts 2 and 3.  ECF No. 90 at 11–15.

Notwithstanding the district court's grant of summary judgment as to these
three counts, the district court found that it could not determine the judgment
amount without supplemental evidence from MFY.  *Id*. at 14.  Similar to the
judgment amount, the district court also found that it needed further information to
decide the reasonableness of MFY's requested attorneys' fees and costs.  *Id*. at 15–
16.  The district court thus reserved judgment as to the amount of damages
resulting from claims 1, 2, and 3, and also denied MFY's request for attorneys'
fees and costs without prejudice so that MFY could remedy the omissions
identified in its Order Granting Partial Summary Judgment.  *Id*. at 17.  In addition,
the district court directed MFY to submit a joint stipulated order implementing the
foreclosure of the Properties "including, without limitation, the appointment of a
commissioner and outlining the commissioner's powers, and property set forth in
the UCC Financing Statement." *Id*.

**C.   The Foreclosure**

The parties filed a Stipulation of Dismissal Without Prejudice of Counts 3, 4, 5, and 6 on March 23, 2023, in which the parties agreed to bear their own attorneys' fees and costs incurred with respect to these counts.  *See* ECF No. 102. On the same day, the parties filed the Joint Stipulated Order Re: Foreclosure Claims in Plaintiff MFY Funding LLC's Motion For Partial Summary Judgment as to Counts 1, 2, and 3 of the Complaint and for Interlocutory Decree of Foreclosure Against All Parties ("Foreclosure Stipulation") as ordered by the district court. ECF No. 101.  The Foreclosure Stipulation explained that the parties had agreed to dismiss Counts 3, 4, 5, and 6 and thus, the Foreclosure Stipulation addressed implementing only the foreclosure of the Properties and the district court's "findings and conclusions with respect to Counts 1 and 2 of the Complaint." *Id*. at 3.

The Foreclosure Stipulation provided that MFY was "entitled to have the Mortgage foreclosed" and the Properties "sold in the manner provided by law, and the sales proceeds applied to the amounts owed to MFY" on the Amended Note and Mortgage.  *Id*. at 7.  It also appointed Wayne K.T. Mau ("Commissioner" or "Mr. Mau") as Commissioner of the Court and stated that the Commissioner would serve at a reasonable fee determined by the Court and that his fees and costs would be deemed secured by the Mortgage.  *Id*.  at 8–9.

The district court entered judgment with respect to Counts 1 and 2 on March 32, 2023; however, it (1) reserved judgment as to the amount of damages resulting from Counts 1 and 2 of the Complaint, (2) provided that MFY's claim against Defendants for a confirmation of sale would be entered as appropriate after the sale of the Properties or upon closing of the sale to be confirmed, and (3) provided that MFY's claim for a deficiency judgment would be entered after confirmation of the sale. ECF No. 103 at 3.

The Commissioner filed his Report on June 21, 2023 ("Commissioner's Report"). ECF No. 108. According to the Commissioner's Report, the Commissioner published a Notice of Foreclosure Sale in the Hawaii Tribune-Herold, which contained a description of the Properties and the location of the public auction. *See* ECF No. 108-1 at 6. The auction took place on June 21, 2023, at 12:00 p.m. at the front entrance to Hale Kaulike Courthouse Building in Hilo, Hawai'i. *Id*. MFY presented the winning bid of $200,000. ECF No. 108 at 8. The Commissioner requested and solicited higher bids and having received none, declared the Properties sold to MFY. *Id*. The Commissioner recommended that the Court confirm the sale of the Properties for the confirmed sale price of $200,000. *Id*.

MFY filed its Motion on July 31, 2023. ECF No. 109. Defendants filed an Opposition on August 22, 2023, and MFY filed its Reply on September 6, 2023.

*See* ECF Nos. 112, 114.  The Commissioner filed a Declaration of Commissioner

Wayne K. T. Mau Re: Request for Reimbursement of Expenses and for

Commissioner's Fees on September 26, 2023 ("Commissioner's Fee Request").

ECF No. 115.

## C.    The Hearing and Reopening of Bidding

The Court held a hearing on October 4, 2023.  Theodore Young, Esq.,

appeared on behalf of MFY and Antony Kim, Esq., appeared on behalf of

Defendants Ohia and Bristol.  The Commissioner also attended the hearing.  At the

hearing, the Commissioner informed the Court that there were additional bidders in

the gallery and MFY requested that the Court reopen bidding.  ECF No. 117.  The

Court granted the request and took a recess while the Commissioner reopened

bidding.

The Commissioner reopened bidding in the courtroom, after which the

Commissioner reported he received 22 additional bids and the new winning bid

was $330,000.  *Id*.  The Commissioner reaffirmed his position that the new bid of

$330,000 was fair and reasonable.  Defendants orally informed the Court that they

maintained their opposition to the Motion; thus, the Court ordered Defendants to

renew their opposition in writing by October 11, 2023.  *Id*.  The Court permitted

MFY an opportunity to reply to the Defendant's renewed opposition by October

18, 2023. *Id*. The Court also permitted both MFY and Defendants to respond to the Commissioner's Fee Request by that same date. *Id*.

## D.      Supplemental Briefing

Defendants timely filed their Supplemental Written Response Regarding Confirmation of Sale ("Defendants' Supplement"), but they did not in fact oppose the confirmation. Instead, they represented that Defendants' Supplement was a statement of no position as to the new winning credit bid of $330,000. ECF No. 118 at 2. Defendants also filed their Statement of No Opposition to the Commissioner's Fee Request. ECF No. 119.

On October 18, 2023, MFY filed its Statement of No Opposition to Commissioner's Request for Reimbursement of Expenses and for Commissioner's Fees [Dkt. 116]. *See* ECF No. 120. It also filed a Memorandum in Response to Defendants' Supplement ("Plaintiffs' Supplement"), responding to the arguments in Defendant's Supplement as well as urging the Court to confirm the sale of the Properties to MFY based on the winning credit bid of $330,000. ECF No. 121.

## DISCUSSION

MFY's Motion asks the Court to: (1) confirm the sale of the Properties to MFY and find its credit bid of $330,000 to be fair and reasonable; (2) enter judgment against Ohia and Bristol, jointly and severally, for principal, interest, and late charges totaling $1,719,983.57; (3) award MFY $154,436.59 in reasonable

attorneys' fees incurred in this action; and (4) award MFY $1,477.40 in costs incurred in this action. ECF No. 109 at 18. The Court discusses each request successively.

## A. The Court Recommends Confirmation of the Sale

Originally, Defendants did not object to any of MFY's requests in the Motion except for the request for this Court to confirm the sale of the Properties to MFY. Defendants asserted in their Opposition that according to MFY, "Ohia and Bristol owe approximately $1.7 million in principal, interest, and late charges; interest, alone, accounts for approximately $1.3 million." ECF No. 112 at 4. Defendants argued that the original principal amount of the Note was $698,000 and the fact that the highest bid was a quarter of the original principal amount "[wa]s so grossly inadequate as to shock the conscience[.]" ECF No. 112 at 4 (quoting *Hoge v. Kane*, 670 P.2d 36, 40, 4 Haw. App. 533, 540 (1983)).

It appears, however, that Defendants no longer oppose confirmation of the sale based on the new winning credit bid of $330,000, and instead, express no position on MFY's request for the Court to confirm this bid. *See* ECF No. 118.

The Court finds that the winning bid is fair and reasonable under the circumstances. The Court's "authority to confirm a judicial sale is a matter of equitable discretion" under Hawaiʻi law. *Sugarman v. Kapu*, 104 Haw. 119, 124, 85 P.3d 644, 649 (2004) (citation omitted); *see also Gasperini v. Ctr. for Humans.*,

*Inc.*, 518 U.S. 415, 416 (1996) ("Federal courts sitting in diversity apply state substantive law and federal procedural law.").  Absent arbitrary action, the Court "has broad discretion regarding confirmation of judicial sales." *Sugarman*, 104 Haw. at 124, 85 P.3d at 649 (citation omitted).  The Hawaiʻi Supreme Court has instructed courts exercising this discretion to "act in the interest of fairness and prudence, and with a just regard to the rights of all concerned and the stability of judicial sales." *Id.* (citation omitted).

Based on the Commissioner's Report and his representation at the October 4, 2023 hearing, and Defendants' statement of no position in their Supplement, the Court FINDS the October 4, 2023 winning credit bid of $330,000 to be fair and reasonable and RECOMMENDS that the district court confirm MFY's request to confirm the sale of the Properties.

## B.    The Court Recommends Judgment in the Amount of  $1,719,983.57

The original principal amount of the Note was $698,800.  ECF No. 109 at 21.  Under the Note, Ohia promised to make monthly interest payments at the rate of 12% per annum, starting April 7, 2018, and a balloon payment for the balance of the loan on the maturity date of August 7, 2018.  ECF No. 90 at 4.  If Ohia defaulted on its payments, the Note provided that MFY reserved the right to declare the unpaid principal sum, along with all charges and interest accrued, to be immediately due and payable "without presentment, demand, protest, or notice of

any kind," with the interest rate then immediately increasing to 24% per annum.

*Id*. The Note also provided that any late payment would result in a late charge of

10% of the overdue amount. *Id*.

MFY asks this Court to enter judgment in favor of MFY and against

defendants Ohia and Bristol, jointly and severally, for a total of $1,719,983.57,

which consists of the following:

| | |
|---|---|
| Principal: | $381,352.89 |
| Interest from April 12, 2018 to July 31, 2023: | $1,343,393.21 |
| Late Charges: | $12,237.47 |
| Credit for Interest Payments Received: | ($17,000.00) |
| **Total Judgment Requested** | **$1,719,983.57** |

The Court discusses each of the foregoing categories.

1. *Principal Balance*

Pursuant to the Amended Note, the parties agreed that the principal balance

of the Note would be reduced by the net sales proceeds from MFY's sale of the

Deed in Lieu Properties.  ECF No. 109-4.  MFY received sales proceeds from two

of the Deed in Lieu Properties: $111,824.12 for the sale of one of the properties,

Kauai Road Property; and $263,522.9 from the sale of another property, 23rd

Avenue Property (collectively, "Sold Properties").  ECF No. 109 at 21; *see also*

ECF No. 109 at 44–45 ¶ 16–17, Declaration of Michael Fairall ("Fairall Decl.");

ECF No. 109-6 to 109-7, Settlement Statement for Sold Properties.  After crediting

these amounts, MFY deducted $57,900 for expenses paid before the closing of the

Sold Properties, including management and maintenance costs.  ECF No. 109 at

21; *see also* Fairall Decl. at 45–46 ¶ 21.  Accordingly, the principal amount due

was calculated as follows:

| | |
|---|---|
| Original Principal Amount: | $698,800.00 |
| Credit for Kauai Road Property Sale | -$111,824.12 |
| Credit for 23rd Avenue Property Sale | -$263,522.99 |
| Deductions for Expenses for Sold Properties | 57,900.00 |
| **New Principal Amount** | **$381,352.89** |

The Court finds that the principal amount requested is properly supported.

    2.  *Interest*

MFY asserts that Defendants owe a total of $1,343,393.21 in interest from

April 12, 2018 (the date Ohia failed to make its first payment of interest under the

Note) to July 31, 2023.  ECF No. 109 at 21.  MFY invoked its right to pursue the

default interest rate of 24% as provided for in the Note in the event of a default.

*Id*. at 23–24.  MFY attaches a spreadsheet with its Motion detailing these interest

charges ("Calculation Spreadsheet").  *See* ECF No. 109-8.  The Court has reviewed

MFY's calculations and engaged in its own calculation and finds that the interest

requested is sufficiently supported.[1]

    3.  Late Fees

---

[1]  Interest was calculated as follows: amount owed multiplied by interest rate
(24%), divided by 365 days, then multiplied by the number days in the payment
period.

According to the Note, if Ohia failed to many any payments on the due date,
MFY was entitled to a late charge equal to ten percent (10%) of the overdue
amount. ECF No. 109-1 at 2. MFY thus represents that the late charges for a
given period equals ten percent (10%) of the amount of the payment that is due for
that period. ECF No. 109 at 26.

From April 12, 2018 (the effective date of acceleration) to February 28,
2019 (the day before the parties executed the Amended Note), Ohia was obligated
to make monthly interest payments on the principal balance on the seventh
calendar day of each month. *Id*. at 26–27; *see also* ECF No. 109-1 at 1. Beginning
on March 1, 2019, the date the Amended Note was executed, Ohia was obligated to
make payments of $2,000 a month on the first day of each month. ECF No. 109-4.
Accordingly: (1) the amount due under the Note on the 7th of each month from
April 12, 2018, to February 28, 2019, i.e., the monthly interest payment, ranged
from $11,946.61 to $18,337.01, and (2) the amount due beginning on March 1,
2019, under the Amended Note was $2,000 a month.

Originally, MFY had requested late fees totaling $11,093.51 in its MPSJ.
*See* ECF No. 90. The district court expressed confusion over how MFY had
arrived at that number based on the Note, which entitles MFY to 10% of any
overdue amount. *Id*. at 11 n.4 ("Even with this contractual guidance, however, the

13

Court cannot hazard a guess as to how MFY's $11,093.51 figure was derived"). MFY now seeks $12,237.47 in late charges.

The Court has reviewed the late payments calculated in the Calculations Spreadsheet and it appears that from April 12, 2019, to February 28, 2019 (the "Initial Period"), MFY calculated the late fees at a rate of one percent (1%) rather than ten percent (10%). *See* ECF No. 109-8. For example, the first interest payment for the period of April 12, 2018, to May 7, 2018, is $11,946.61; however, the late fee is calculated at $119.47 instead of $1,119.47, which would be ten percent (10%) of the interest payment owed of $11,946.61. *Id.*

Notwithstanding the terms of the Note, MFY requests $12,237.47 in late fees, which comprises of: (1) $2,837.47 in late fees from April 12, 2018, to August 31, 2019, ECF No. 109-8 at 1; (2) $1,400 in late fees from September 1, 2019, to March 31, 2020, *id.* at 2; and (3) $8,000 in late fees from April 2020 to July 2023, *id.* at 3. Although the Court does not understand why MFY calculated its late fees at a rate of 1% for the Initial Period, MFY is requesting less than what it is entitled; thus, the Court finds that MFY is entitled to its requested late fees of $12,237.47.

4. Total Deficiency Judgment Against Ohia and Bristol

The Court FINDS that MFY has satisfactorily supported the principal and interest amounts it seeks; however, as explained above, MFY requests only $12,237.47 in late fees, which does not appear to reflect what MFY is entitled to

14

pursuant to the terms of the Note.  Nonetheless, as the amount MFY requests is

lower than the amount it is entitled to under the Note, the Court finds that MFY's

request for late fees is reasonably supported at the rate of 1% of the unpaid amount

for the Initial Period.

The Court thus RECOMMENDS that the district court enter judgment in

favor of MFY and against Ohia and Bristol, jointly and severally, for a total of

**$1,719,983.57**, which comprises $381,352.89 in principal, $1,343,393.21 in

interest, $12,237.47 in late charges, and a credit of $17,000 for payments Ohia

made on July 25, 2019 ($10,000); August 5, 2019 ($2,000); October 4, 2019

($2,500); and December 4, 2019 ($2,500).  ECF No. 109-8.

## C.    The Court Recommends Awarding $153,975.33 in Attorneys' Fees

Section 607-14 of the Hawaii Revised Statues ("HRS") provides for the

award of attorneys' fees "in all actions in the nature of assumpsit and in all actions

on a promissory note or other contract in writing that provides for an attorney's

fee."   In this case, MFY is entitled to attorneys' fees under HRS § 607-14 because

under the Note, Ohia was required to "pay all costs and expenses of collection

(including, but not limited to, reasonable attorneys' fees) and all expenses incurred

in connection with the protection or realization of the collateral or enforcement of

any guaranty incurred by [MFY] on account of such collection, whether or not suit

is filed hereon." ECF No. 90 at 4. MFY requested $120,000 in administrative fees and costs as of May 9, 2022, in its MPSJ. *Id*. at 10.

The district court found, however, that MFY had not submitted any information about "MFY's various attorney timekeepers or their respective billing rates, no description of each timekeeper's skill, experience or reputation, no description of what each timekeeper did, and no indication of the time spent performing each unidentified task." *Id*. at 16 (citing Haw. Rev. Stat. § 607-14 (Hawaii's attorney's fees for assumpsit cases); *see also* ECF No. 90 at 16 (collecting cases on what parties must submit for a court to award attorneys' fees).

MFY's Motion for Confirmation of Sale includes most of the information identified by the district court as missing from the MPSJ. *See* ECF No. 109 at 33. Below is a chart of the professionals MFY requests fees, MFY's requested rates for these professionals, the years of experience for each attorney, the hours expended on Counts 1 and 2 of this action, and the total requested fees for each professional.

| Timekeeper | Experience | Hourly Rate | Hours | Total Requested |
|---|---|---|---|---|
| Theodore Young (Attorney) | <30 years | $495/$520/$570 | 171.9 | $89,940.50 |
| Michi Momose (Attorney) | <9 years | $310/$325/$360 | 122.7 | $39,396.00 |
| Molly Olds (Attorney) | 2 years | $205 | 12.5 | $2,563.00 |
| Bryce Nakamura (Attorney) | <3 years | $225 | 42.2 | $9,495.00 |
| Michael Soon Fah (Attorney) | <3 years | $240 | 20.9 | $5,016.00 |

| Johnny Kwok (Paralegal) | | $200/$215/$230 | 2.4 | $526.50 |
|---|---|---|---|---|
| Martin J. Malloy (Paralegal) | | $190 | 1.3 | $247.00 |
| Jeni McKenzie (Paralegal) | | $190 | 1.6 | $304.00 |
| Subtotal | | 375.5 | | $147,487.00 |

Hawaii courts calculate the reasonableness of attorneys' fees based on a method that is nearly identical to the traditional "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), which multiplies (1) a reasonable hourly rate by (2) the number of hours reasonably expended. *See DFS Grp. L.P. v. Paiea Props*., 110 Haw. 217, 222, 131 P.3d 500, 505 (2006). Accordingly, the Court must examine the hourly rates and the number of hours requested by MFY to determine the proper lodestar calculation.

1. Hourly Rates

"Hawaii courts consider the reasonable hourly rate in a manner virtually identical to the traditional lodestar formulation, and some Hawaii state courts have considered federal law in determining a reasonable hourly rate." *Sheehan v. Centex Homes*, 853 F. Supp. 2d 1031, 1042 (D. Haw. 2011) (citing *County of Haw. v. C & J Coupe Family Ltd. P'ship*, 120 Haw. 400, 407, 208 P.3d 713, 720 (2009); *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Federal case law regarding the determination of a reasonable hourly rate is thus instructive for this case. *See id*.

Attorneys seeking fees must submit evidence to support the requested hourly rate. *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019) (citation omitted).  The fee applicant must produce satisfactory evidence of prevailing market rates in the relevant community.  *Sam K. ex rel. Diane C. v. Haw. Dep't of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015); *Van Skike v. Dir., Off. of Workers Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009) (citation omitted).  "District courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'"  *Hawaii Dep't of Educ.*, 788 F.3d at 1041 (quoting *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).

MFY provides (1) a summary of each of the attorneys' experience and billing rates for whom it is requesting fees, and (2) cases in this district supporting its requested rates. *See* ECF No. 109 at 52–54.  The Court has reviewed the cases MFY attached to its Motion and finds that these cases, in addition to the Court's knowledge of prevailing rates in this community, support the hourly rates requested for Mr. Young ($495/$520/$570), Ms. Momose ($310/$325/$365), Ms. Olds ($205), Mr. Nakamura ($225), and Mr. Soon Fah ($240).  *See Barnes v. Sea Hawaii Rafting LLC*, No. CV 13-00002 ACK-WRP, 2021 WL 1939684, at *3 (D. Haw. Apr. 2, 2021), *adopted by*, 2021 WL 1565401 (awarding an attorney practicing since 1987 a rate of $450); *Reyes v. Tanaka,* No. CV 17-00143 JAO-KJM, 2020 WL 2857493 (D. Haw. June 2, 2020) (awarding an attorney practicing

since 1992 a rate of $500 for work performed in 2020); *Arc in Hawaii v. DB Ins.*

*Co., Ltd.*, No. 20-00112-ACK-WRP, 2021 WL 4566723, at *3 (D. Haw. Sept. 17,

2021) (awarding an attorney with over two years of experience with $220 for work

performed in 2020, and $235 for work performed in 2021; and awarding a rate of

$350 for an attorney practicing since 2006 for work performed in 2021).

MFY does not, however, substantiate its request for the paralegals for whom

it requests fees. Indeed, in the cases provided by MFY, the courts awarded the

paralegals a rate between $90 to $120 for work performed between 2020 and 2021.

MFY does not provide any reasons why their paralegals should be awarded a rate

between $190 and $230, rates much higher than this district court has awarded for

paralegals. Without any information about the paralegals' experience or reasons

why this Court should award these higher rates, the Court finds that $120 is a more

reasonable rate for the paralegals.

Accordingly, the Court recommends that the district court award the

following hourly rates:

| Timekeeper | Experience | Hourly Rate |
|---|---|---|
| Theodore Young (Attorney) | <30 years | $495/$520/$570 |
| Michi Momose (Attorney) | <9 years | $310/$325/$360 |
| Molly Olds (Attorney) | 3 years | $205 |
| Bryce Nakamura (Attorney) | <3 years | $225 |
| Michael Soon Fah (Attorney) | <3 years | $240 |

| Johnny Kwok (Paralegal) | | $120 |
| Martin J. Malloy (Paralegal) | | $120 |
| Jeni McKenzie (Paralegal) | | $120 |

2.    Hours Reasonably Expended

MFY requests only the fees that were necessary for prosecuting its

foreclosure and breach of contract claims (Counts 1 and 2) as the parties agreed to

bear their own fees and costs as to MFY's other claims and Defendants'

Counterclaims.  *See* ECF No. 85; ECF No. 109 at 55 (Declaration of Theodore

D.C. Young).  MFY includes a timekeeping sheet with all the hours it requests.

ECF No. 109-9.  The Court has reviewed the submission and as Defendants offer

no objections, FINDS that the requested hours expended are reasonable.

3.  Total Award Recommended

MFY's chart of requested fees shows that it is requesting $147,487 in

attorneys' fees; however, MFY contends that it is entitled to an award of

$154,436.59.  ECF No. 109 at 33, 35.  Although MFY does not explicitly provide

so, the Court presumes that this amount is based on its requested total fee of

$147,487 multiplied by the City and County of Honolulu's general excise ("G.E.")

tax rate of 4.7120%, which totals $154,436.59.

Based on the Court's reduction of hourly rates for the paralegals, the Court

finds that **$153,975.33** is a more reasonable award of attorneys' fees, and

recommends that the district court award this amount based on the following

calculation:

| Timekeeper | Hourly Rate Recommended | Hours | Total Recommended |
|---|---|---|---|
| Theodore Young (Attorney) | $495/$520/$570 | 171.9 | $89,940.50 |
| Michi Momose (Attorney) | $310/$325/$360 | 122.7 | $39,396.00 |
| Molly Olds (Attorney) | $205 | 12.5 | $2,563.00 |
| Bryce Nakamura (Attorney) | $225 | 42.2 | $9,495.00 |
| Michael Soon Fah (Attorney) | $240 | 20.9 | $5,016.00 |
| Johnny Kwok (Paralegal) | $120 | 2.4 | $288.00 |
| Martin J. Malloy (Paralegal) | $120 | 1.3 | $156.00 |
| Jeni McKenzie (Paralegal) | $120 | 1.6 | $192.00 |
| Subtotal | | 375.5 | $147,046.50 |
| 4.712% G.E. Tax | | | $6,928.83 |
| **TOTAL with TAX** | | | **$153,975.33** |

## D.    The Court Recommends Awarding $1,477.40 in Costs

MFY requests that the Court award it $1,477.40 in costs, which includes: (1)

$402 for filing fees; (2) $82 for recording fees; (3) $84.21 for document delivery

fees; (4) $643.88 for copying/printing fees, and (5) $34.31 in G.E. tax for the costs

subject to G.E. tax, items (3) and (4) which totals $728.09.  ECF No. 109 at 36–37.

MFY supports this request with an itemization of each cost and copies of receipts

and invoices for these costs.  *See* ECF No. 109-9 at 28–29; ECF No. 109-10.  The

Court has carefully reviewed each category and FINDS that MFY is entitled to an award of these costs and RECOMMENDS that the district court award MFY its costs of $1,477.40.

**E.     The Court Recommends Awarding the Commissioner his Requested Fees and Costs**

The Commissioner's Fee Request asks for a total of $15,574.27, which consists of the following:

| | |
|---|---:|
| Commissioner's Fees: | $ 11,260.00 |
| G.E. Tax on Fees | $ 530.57 |
| Expenses | $ 2,527.26 |
| Subtotal | $14,317.83 |
| Estimated Post Confirmation Fees/Closing ($1,200) plus GET | $ 1,256.54 |
| **Grand Total** | **$15,574.37** |

ECF No. 116 at 6.  Mr. Mau attaches to his Commissioner's Fee Request a detailed accounting of his expenses and accounting of the hours spent on this case.  ECF No. 116-1 to 116-2.  Both MFY and Defendants do not object to his request.  *See* ECF Nos. 119–20.  The Court has reviewed the Commissioner's Fee Request and FINDS his request for fees and costs are supported and reasonable; thus, the Court RECOMMENDS that the district court award the Commissioner his total requested fees and costs of **$15,574.37**.

**CONCLUSION**

For the reasons discussed in this Order, the Court FINDS that the following amounts are reasonable:

| | |
|---|---|
| Judgment Against Ohia and Bristol Jointly and Severally | $1,719,983.57 |
| Attorneys' Fees | $153,975.33 |
| Costs | $1,477.40 |
| TOTAL | **$1,875,436.30** |

The Court RECOMMENDS that the district court enter judgment against Defendants jointly and severally for **$1,719,983.57**, and award MFY attorneys' fees in the amount of **$153,975.33** and its costs of **$1,477.40**.

The Court also FINDS that the Commissioner's Fee Request of **$15,574.37** is reasonable and RECOMMENDS that the district court award Commissioner Wayne K.T. Mau a total of **$15,574.37** for his fees and costs.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawai'i, October 25, 2023.



Kenneth J. Mansfield
United States Magistrate Judge

Civil No. 21-00261 DKW-KJM; *MFY v. Ohia and Bristol;* FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF MFY FUNDING LLC'S MOTION FOR CONFIRMATION OF SALE, AWARD OF DAMAGES, AWARD OF ATTORNEYS' FEES AND COSTS, AND WRIT OF POSSESSION